Affirm and Opinion Filed November 30, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

—————————

## No. 05-11-01550-CR

—————————

### JOHNNY CRENSHAW, Appellant

### V.

### THE STATE OF TEXAS, Appellee

—————————————————————————————————

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-54748-P**

—————————————————————————————————

## MEMORANDUM OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion by Justice Lang-Miers

Appellant Johnny Crenshaw appeals his conviction for aggravated sexual assault of a child and accompanying 15-year prison sentence. In his sole issue on appeal, appellant argues that the trial court committed reversible error by admitting into evidence a picture of a child other than the complainant. We affirm the trial court's judgment. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

The complainant, appellant's step-granddaughter, testified that appellant sexually abused her when she was a child. The complainant was 22 years old at the time of trial. She said she did

1

not tell anyone about the sexual abuse until she was 18 or 19 years old when she told her boyfriend and he persuaded her to tell her mother, who called the police. She testified that appellant made her get undressed and had sex with her, performed oral sex on her, took a shower with her, and used a Polaroid camera to take suggestive pictures of her wearing her cheerleader uniform. She said appellant posed her on the washing machine at his apartment "[w]ith one of [her] legs kind of cocked up where you can see my underwears." She said the sexual abuse ended when she was 12 because she moved in with her grandmother, who had separated from appellant, and she never saw appellant again until trial.

The State introduced a video recording of appellant's statement to the police. He told the detective that the complainant had "seen too much as a child" and she always wanted him to "mess with her" like "pull her clothes up and sit on my lap." He said the complainant was about eight years old when she asked him "to do her."

Appellant testified and denied that he sexually abused the complainant. On cross-examination, appellant denied that he took sexually suggestive pictures of the complainant or any other grandchild. The State then asked appellant to identify a group of six pictures. One of those pictures was of a granddaughter, not the complainant, lying on a bed in a nightgown at appellant's apartment. When the State offered the picture into evidence, appellant objected on the ground of relevance. The trial court overruled the objection and admitted the picture.

In his sole issue on appeal, appellant argues that the trial court abused its discretion by admitting "a blatantly inflammatory picture of a young girl dressed in a nightgown." We review a trial court's decision to admit evidence for an abuse of discretion. *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). We will not reverse the judgment unless the trial court's decision fell outside the zone of reasonable disagreement. *Id.*

2

The complained-of picture depicts appellant's granddaughter lying face down on a bed in a nightgown facing away from the photographer. Although the nightgown is short, it does not reveal any private areas. To the extent the picture is sexually suggestive, it was relevant to impeach appellant's testimony that he did not take sexually suggestive pictures of his grandchildren. Consequently, appellant has not shown that the trial court abused its discretion by overruling his relevance objection to the picture. With regard to appellant's other complaints about the admission of the picture,[1] they are raised for the first time on appeal and are not preserved for our review. *See Lopez v. State*, 200 S.W.3d 246, 251 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (relevance objection does not preserve for review an issue under Rule 403); Tex. R. App. P. 33.1 (requiring specific objection and ruling to preserve issue for review unless objection is obvious from context). We resolve appellant's sole issue against him.

We affirm the trial court's judgment.

ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47
111550F.U05

---

[1] Citing Texas Rule of Evidence 403, appellant also argues that the "State cannot open the door to matters not otherwise admissible and then prove up the collateral events unless the events themselves were independently admissible," that appellant did not open the door to the admissibility of the picture, that while the picture "was ostensibly impeachment evidence, . . . its true purpose was to attribute to [appellant] a prurient interest in children," and that the evidence was "undeniably prejudicial."

3



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

No. 05-11-01550-CR

JOHNNY CRENSHAW, Appellant

    V.

THE STATE OF TEXAS, Appellee

Appeal from the 203rd Judicial District
Court of Dallas County, Texas (Trial Court
No. F10-54748-P).
Opinion delivered by Justice Lang-Miers,
Justices O'Neill and FitzGerald
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED.**

Judgment entered November 30, 2012.

ELIZABETH LANG-MIERS
JUSTICE